THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

KIM SIFLINGER, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ALBERTSONS COMPANIES, INC., a foreign limited liability corporation, and SAFEWAY, INC., a foreign corporation,

Defendants.

NO. 2:23-cv-00682-JNW

**FIRST AMENDED CLASS ACTION COMPLAINT**

## I. INTRODUCTION

1.1  Major grocery retailer Albertsons Companies, Inc. operates hundreds of Safeway branded stores in Washington. Safeway stores routinely market meat, ice cream, frozen food, coffee, and other products under Buy One, Get One Free promotions. The grocery products offered as part of "Buy One, Get One Free," or "Buy One, Get Two Free" (collectively "BOGO") sales rotate frequently. These promotions have been regularly available in Washington Safeway stores over the last four years. The "free" product is prominently promoted on special point-of-sale ads and on the packaging of the products themselves. But Albertsons and Safeway make consumers pay for the seemingly "free" product.

FIRST AMENDED CLASS ACTION COMPLAINT - 1
Case No. 2:23-cv-00682-JNW

1.2     When Safeway stores offer grocery items under BOGO promotions, they raise the regular retail price of the BOGO grocery products, so that consumers pay substantially more for the first product to cover the cost of the second "free" product. As a result, consumers making purchases under these promotions do not get a free product. Instead, they pay more for the product and buy more of the product than they otherwise would in order to obtain the illusory "free" product. Images of Safeway's advertising demonstrate the issue:

On April 4, 2023, Safeway offered boxed frozen shrimp for $7.49:

The next day, Safeway offered the same product for $10.99 as part of a Buy 1, Get Free sale:



1.4     These "free" sales are unfair or deceptive practices under Washington's Consumer Protection Act.

1.5     Kim Siflinger is a retiree who recently moved to Washington to be closer to her family. Living on a fixed income, she regularly looked for BOGO deals and purchased BOGO items from Safeway stores in Washington in an effort to stretch her dollars. She brings this action on behalf of herself and other Safeway shoppers in Washington who overpaid for products offered as part of a BOGO promotion in the last four years.

FIRST AMENDED CLASS ACTION COMPLAINT - 2
Case No. 2:23-cv-00682-JNW

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## II.  JURISDICTION AND VENUE

2.1  <u>Jurisdiction.</u> This Court has jurisdiction over the parties and claims in this action. At all relevant times, Kim Siflinger resided in Kitsap County, Washington.

2.2  <u>Venue.</u> Venue is proper in King County under RCW 4.12.025 because Safeway and Albertsons regularly transact business in King County.

## III.  PARTIES

3.1  Kim Siflinger is a natural person residing in Silverdale, Washington.

3.2  Defendant Albertsons Companies, Inc. is a foreign limited liability corporation doing business in King County and throughout Washington State. Albertsons Companies, Inc. is incorporated in Delaware and has its principal place of business in Idaho. Albertsons Companies is one of the largest food and drug retailers in the United States.

3.3  Defendant Safeway, Inc. is a foreign corporation doing business in King County and throughout Washington State. Safeway is incorporated in Delaware with its principal place of business in California.

3.4  Albertsons maintains centralized control and approval over all pricing and sales of groceries in Safeway stores.

## IV.  FACTUAL ALLEGATIONS

**A.  Defendants inflate the regular retail price of products included in their BOGO promotions.**

4.1  Defendants operate approximately 181 Safeway branded store locations in Washington State. All of these stores' BOGO programs operate under central policies put in place by Albertsons Companies.

4.2  Albertsons maintains centralized control and approval over all pricing and sales of groceries in Safeway stores.

4.3  The Safeway BOGO promotions require loyalty cards, which Safeway refers to as its "Club Card." Each Safeway Club Card has a unique number.

4.4  Throughout the class period Defendants routinely increased the regular retail price of items when offering them in BOGO sales. For example, during the class period, Safeway

FIRST AMENDED CLASS ACTION COMPLAINT - 3
Case No. 2:23-cv-00682-JNW

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

sold boneless, skinless chicken breasts to Club Card members for $2.99 per pound. Within the same month, Safeway sold seasoned boneless, skinless chicken breasts for $5.99 per pound in a Buy 1, Get 1 Free promotion. Thus, Club Card consumers overpaid by $3.00 per pound for any BOGO chicken purchase.

4.5     The price a Club Card member pays for an item is the regular retail price that any customer pays for BOGO products because a consumer must have a Club Card to make BOGO purchases.

4.6     Common BOGO products include but are not limited to boneless pork chops, chicken breast and thighs, beef steaks, ice cream, coffee, and frozen seafood.

4.7     For example, in March and April 2023, Defendants raised the regular retail price of the following items when offering them as part of a BOGO sale in Washington:

| PRODUCT | REGULAR PRICE | BOGO PRICE |
| --- | --- | --- |
| Chicken Breast | $5.49 | $5.99 |
| Chicken Thighs | $5.49 | $6.49 |
| Petite Sirloin Steak | $7.99 | $9.99 |
| Pork Loin Rib Chops (thin) | $4.99 | $7.49 |
| Pork Loin Rib Chops | $2.99 | $6.49 |
| Gortons Frozen Fish | $6.99 | $9.99 |
| Green Mountain Coffee | $9.99 | $11.99 |

4.8     Contrary to the language of Defendants' free product offers, the BOGO products are not actually free. Instead, Defendants increase the price of the first unit of the product to cover the cost of the second—purportedly "free"—unit of the product.

4.9     The Federal Trade Commission has warned that retailers should use "extreme care" when including the word "Free" in marketing. 16 C.F.R. § 251.1(a)(2).

FIRST AMENDED CLASS ACTION COMPLAINT - 4
Case No. 2:23-cv-00682-JNW

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

4.10 The FTC has further explained that the public understands the offer of "Free" merchandise to be based on the regular price of the item. With Buy 1 Get 1 Free offers, the customer believes they are paying nothing more than the regular price for the first item in order to obtain the second. 16 C.F.R. § 251.1(b)(1). The purchaser "has a right to believe that the merchant will not directly and immediately recover, in whole or in part, the cost of the free merchandise . . .by marking up the price of the article which must be purchased." *Id.*

4.11 The final decisions and orders of the FTC are offer persuasive guidance in determining whether an act or practice is unfair or deceptive under Washington's Consumer Protection Act. RCW 19.86.920.

**C.     Kim Siflinger has made numerous purchases of BOGO products at inflated prices.**

4.12 Kim Siflinger is a retiree who lives in Silverdale, Washington. She worked for decades as a para educator and retired after she was injured at work.

4.13 Ms. Siflinger moved to Silverdale from California in late 2022 in order to be closer to her son, who serves in the Navy, and her grandchildren.

4.14 Ms. Siflinger regularly shops at the NW Bucklin Hill Road Safeway in Silverdale.

4.15 Ms. Siflinger lives on relatively fixed income. She looks for bargains in order to stretch her dollars further.

4.16 Ms. Siflinger is a Safeway Club Card member.

4.17 Ms. Siflinger's most recent BOGO purchase at a Safeway store was boneless, skinless chicken breasts on March 10, 2023. She used her Safeway Club Card when she made the purchase. Safeway sold the BOGO boneless, skinless chicken breasts to Ms. Siflinger for $5.99 per pound. The price for the same item the day before Safeway put the boneless, skinless chicken breasts on BOGO promotion was $5.49 per pound and the boneless, skinless chicken breasts returned to that price immediately after the BOGO promotion ended.

4.18 On March 24, 2023, the Safeway Club Card price for the same boneless, skinless chicken breasts was $2.99 per pound.

FIRST AMENDED CLASS ACTION COMPLAINT - 5
Case No. 2:23-cv-00682-JNW

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

4.19    Ms. Siflinger paid Safeway a price premium for the boneless, skinless chicken breasts she bought as part of a BOGO promotion on March 10, 2023.

## V.    CLASS ACTION ALLEGATIONS

5.1    Ms. Siflinger brings this case on behalf of herself and of a proposed Class under CR 23. The proposed Class is defined as follows:

> All persons who, within four years before the date of the filing of this Complaint, bought products sold on a buy one get one free, or buy one get two free basis ("BOGO sales"), at a Safeway store located in the State of Washington using a Safeway Club Card.
>
> Excluded from the proposed class are all attorneys for the class and employees of their law firms, the officers or directors of the Defendants, any judge who presides over the case, and all jurors or alternate jurors who sit on the case.

5.2    <u>Numerosity</u>: Safeway is one of the largest grocery retailers in Washington. On information and belief, there are more than 600,000 members of the proposed Class. On information and belief, each class member has overpaid an average of $2 to $4 per BOGO purchase. Ms. Siflinger's and the Class's damages are subject to trebling, so the amount in controversy is expected to exceed $5,000,000.

5.3    <u>Commonality and Predominance</u>: Defendants' BOGO pricing is a standard practice applied in all Safeway and Albertsons stores in Washington during the class period. As a result, Ms. Siflinger's claims raise common issues that predominate over individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

5.4    Questions of law and fact common to Ms. Siflinger and the proposed Class include but are not limited to:

    a.    Whether Defendants regularly increase the price of BOGO products above the regular retail price for the same products;

    b.    Whether Defendants' BOGO sales pricing is unfair;

    c.    Whether Defendants' BOGO sales pricing is deceptive;

FIRST AMENDED CLASS ACTION COMPLAINT - 6
Case No. 2:23-cv-00682-JNW

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

  d. Whether Defendants' BOGO sales pricing impacts the public interest because it injured consumers other than Ms. Siflinger;

  e. Whether Defendants' BOGO sales pricing and promotions omit information—namely that the BOGO price is higher than the regular retail price of the same product;

  f. Whether Ms. Siflinger and the proposed Class are entitled to a rebuttable presumption of reliance as a result of Defendants' omissions;

  g. Whether Defendants' conduct violates the Washington Consumer Protection Act; and

  h. The nature and extent of the injury to the Class and the measure of compensation for such injury.

5.5 <u>Typicality</u>: Ms. Siflinger's claims are typical of the claims of the Class. Her claims, like the claims of the Class, arise out of the purchase of BOGO products where consumers did not actually receive a free product because they paid inflated prices for BOGO products, and are based on the same legal and remedial theories.

5.6 <u>Adequacy of Representation</u>: Ms. Siflinger is an appropriate representative for the Class and will fairly and adequately protect the interests of the Class. She understands and is willing to undertake the responsibilities of acting in a representative capacity on behalf of the proposed Class. Ms. Siflinger has no interests that directly conflict with the interests of the Class.

5.7 Ms. Siflinger has retained experienced trial lawyers with significant experience in complex and class action litigation, including consumer class actions. Ms. Siflinger and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.

5.8 <u>Superiority</u>: Ms. Siflinger and members of the Class suffered harm and damages as a result of Defendants' unfair or deceptive conduct. Absent a class action, however, most Class members would find the cost of litigating their small dollar claims prohibitive. Class

FIRST AMENDED CLASS ACTION COMPLAINT - 7
Case No. 2:23-cv-00682-JNW

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. The Class members are readily identifiable from Defendants' records, and there will be no significant difficulty in the management of this case as a class action.

5.9     <u>Injunctive Relief</u>: Defendants' conduct is uniform as to all members of the Class. Defendants have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or declaratory relief is appropriate with respect to the Class as a whole.

## VI.     FIRST CLAIM FOR RELIEF

**Violation of the Consumer Protection Act – Unfair Acts or Practices**

6.1     Ms. Siflinger and Defendants are "persons" as defined in RCW 19.86.010.

6.2     Defendants' conduct described in paragraphs 1.1-4.19 is unfair within the meaning of the Washington Consumer Protection Act.

6.3     Defendants engaged in unfair acts or practices by promoting products as "free" while charging more than the regular retail price for the products included in BOGO promotions. As the FTC's rules explain, the average consumer does not expect to pay more than the regular retail price for the first unit of a product offered in a Buy 1 Get 1 Free promotion.

6.4     Defendants' marketing and sale of BOGO products is immoral, unethical, oppressive, or unscrupulous.

6.5     Defendants' marketing and sale of BOGO products occurs in trade or commerce within the meaning of the Washington Consumer Protection Act, and is capable of injuring a substantial portion of the public.

6.6     Defendants' unfair acts or practices impact the public interest because they have injured at least thousands of other Washington consumers, and have the capacity to injure hundreds or thousands of other Washington consumers. Defendants continue offer BOGO

FIRST AMENDED CLASS ACTION COMPLAINT - 8
Case No. 2:23-cv-00682-JNW

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

promotions while inflating the regular retail price of products offered as part of the promotion in Washington and, as a result, are likely to continue to injure the public.

6.7  As a direct and proximate result of Defendants' unfair acts or practices, Ms. Siflinger and the Class have suffered an injury in fact and lost money. Specifically, Ms. Siflinger's and the Class's injuries are the sum of the amounts above regular retail price they paid for the first unit purchased as part of BOGO promotions.

6.8  Ms. Siflinger and the Class are therefore entitled to legal relief against Defendants, including recovery of actual damages, treble damages, attorneys' fees, costs of suit, and such further relief as the Court may deem proper.

6.9  Ms. Siflinger and the Class are also entitled to injunctive relief in the form of an order prohibiting Defendants from increasing the regular retail price of items when they are sold as part of a BOGO promotion.

## VII. SECOND CLAIM FOR RELIEF

**Violation of the Consumer Protection Act – Deceptive Acts or Practices**

7.1  Ms. Siflinger and Defendants are "persons" as defined in RCW 19.86.010.

7.2  Defendants' conduct described in paragraphs 1.1-4.19 is deceptive within the meaning of the Washington Consumer Protection Act.

7.3  Defendants engaged in deceptive acts or practices by marketing BOGO deals to Ms. Siflinger and the Class while omitting the fact that Defendants increased the regular retail price of products sold as part of the BOGO promotions.

7.4  Defendants' acts or practices are deceptive within the meaning of the CPA because they have the capacity to deceive many Washington consumers.

7.5  Defendants' marketing and sale of BOGO products occurred in trade or commerce within the meaning of the Washington Consumer Protection Act and is capable of injuring a substantial portion of the public.

7.6  Defendants' deceptive acts or practices impact the public interest because they have injured Ms. Siflinger and the Class, and have the capacity to injure hundreds or thousands

FIRST AMENDED CLASS ACTION COMPLAINT - 9
Case No. 2:23-cv-00682-JNW

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

of other Washington residents. Defendants continue offer BOGO promotions while inflating the regular retail price of products offered as part of the promotions in Washington and, as a result, are likely to continue to injure the public.

7.7     As a direct and proximate result of Defendants' deceptive acts or practices, Ms. Siflinger and the Class have suffered an injury in fact and lost money. Specifically, Ms. Siflinger's and the Class's injuries are the sum of the amounts above regular retail price they paid for the first unit purchased as part of BOGO promotions.

7.8     Ms. Siflinger and the Class are therefore entitled to legal relief against Defendants, including recovery of actual damages, treble damages, attorneys' fees, costs of suit, and such further relief as the Court may deem proper.

7.9     Ms. Siflinger and the Class are also entitled to injunctive relief in the form of an order prohibiting Defendants from increasing the regular retail price of items when they are sold as part of a BOGO promotion.

## VIII.     THIRD CLAIM FOR RELIEF

### Injunctive Relief on Behalf of Washington Consumers

8.1     Under the Washington Consumer Protection Act, "[a]ny person who is injured in his or her business or property" by a CPA violation "may bring a civil action in superior court to enjoin further violations." RCW 19.86.090.

8.2     For the reasons stated above, Defendants have violated the Washington Consumer Protection Act, and Ms. Siflinger has been injured and lost money as a result of those violations. As a result, Ms. Siflinger has standing to seek an injunction to protect the public interest from future violations. *See Hockley v. Hargitt*, 82 Wn.2d 337, 350-51 (1973).

8.3     Therefore, Ms. Siflinger seeks an injunction prohibiting Defendants from continuing to inflate the prices of products offered on BOGO promotions above the regular retail price for those products.

FIRST AMENDED CLASS ACTION COMPLAINT - 10
Case No. 2:23-cv-00682-JNW

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## IX.     PRAYER FOR RELIEF

WHEREFORE, Ms. Siflinger requests relief as follows:

A.     Actual damages;

B.     Treble damages under RCW 19.86.090;

C.     Injunctive relief prohibiting Defendants from inflating the prices of products offered on BOGO promotions above the regular retail price for those products;

D.     Attorneys' fees and costs of suit;

E.     Prejudgment interest; and

F.     Such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED AND DATED this 12th day of May, 2023.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/Beth E. Terrell, WSBA #26759
     Beth E. Terrell, WSBA #26759
     Email: bterrell@terrellmarshall.com
     Blythe H. Chandler, WSBA #43387
     Email: bchandler@terrellmarshall.com
     936 North 34th Street, Suite 300
     Seattle, Washington 98103
     Telephone: (206) 816-6603

     David F. Sugerman, *Pro Hac Vice Forthcoming*
     Email: david@sugermandahab.com
     Nadia S. Dahab, *Pro Hac Vice Forthcoming*
     Email: nadia@sugermandahab.com
     SUGERMAN DAHAB
     707 SW Washington Street, Suite 600
     Portland, Oregon 97205
     Telephone: (503) 228-6474

     Tim Alan Quenelle, *Pro Hac Vice Forthcoming*
     Email: tim.quenelle@gmail.com
     TIM QUENELLE, PC
     4800 SW Meadows Road, #300
     Lake Oswego, Oregon 97035
     Telephone: (503) 675-4330

FIRST AMENDED CLASS ACTION COMPLAINT - 11
Case No. 2:23-cv-00682-JNW

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

E. Michelle Drake, *Pro Hac Vice Forthcoming*
Email: emdrake@bm.net
BERGER MONTAGUE, P.C.
43 SE Main Street, Suite 505
Minneapolis, Minnesota 55414
Telephone: (612) 594-5999

*Attorneys for Plaintiffs*

FIRST AMENDED CLASS ACTION COMPLAINT - 12
Case No. 2:23-cv-00682-JNW

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com